# Exhibit 4

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Anthony Rapp | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 20-cv-09586 (LAK) |
| Kevin Spacey Fowler | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: ADAM VARY
5669 West 6th Street, Los Angeles, California 90036
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A for the Document Requests.

| Place: Keller/Anderle LLP<br>18300 Von Karman Ave., Suite 930, Irvine, CA 92612<br>(or e-mail cscolnick@kelleranderle.com) | Date and Time:<br><br>January 14, 2022 at 11:00 a.m. PST |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/29/2021

CLERK OF COURT                                         OR        */s/ signature*
_____                                  _____
*Signature of Clerk or Deputy Clerk*                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant Kevin Spacey Fowler                                                , who issues or requests this subpoena, are:

Chase A. Scolnick, Keller/Anderle LLP, 18300 Von Karman Ave., Ste. 930, Irvine, CA 92612; (949) 476-8700; cscolnick@kelleranderle.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT A

# DEFINITIONS AND INSTRUCTIONS

A.  As used in this subpoena, the term "Plaintiff" refers to plaintiff Anthony Rapp (DOB: 10/26/1971).

B.  As used in this subpoena, the terms "You" and "Your" refer to Adam Vary.

C.  As used in this subpoena, the term "Fowler" refers to defendant Kevin Spacey Fowler.

D.  As used in this subpoena, the terms "Document" and "Documents" shall be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

E.  As used in this subpoena, the term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including verbally or via telephone, letter, text message, voicemail, e-mail, social media post, and social media message.

F.  As used in this subpoena, the term "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

G. As used in this subpoena, the term "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

H. As used in this subpoena, the term "relating to" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

I. "Any," "all," and "each" shall be construed as encompassing any and all.

J. The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

K. "Including" means "including but not limited to" and "including without limitation."

L. All electronically-stored information shall be produced in its native format with all metadata intact.

## DOCUMENT REQUESTS

1. All Documents Concerning any Communication between You and Plaintiff about Fowler.

2. All Documents Concerning any Communication between You and Plaintiff about Fowler's alleged sexual abuse and/or assault of Plaintiff.

3. All Documents Concerning any action You took relating to Fowler's alleged sexual abuse and/or assault of Plaintiff after learning of it.

4. All Documents Concerning any Communication between You and Plaintiff about any claim by Plaintiff of sexual misconduct or sexual assault.

5. All Documents Concerning any Communication between You and any Person about any claim by Plaintiff of sexual misconduct or sexual assault.

6. All Documents in Your custody, possession, or control Concerning any claim by Plaintiff that he was a victim of sexual misconduct or sexual assault.

7. All Documents Concerning any Communication between You and any Person about any media reports or articles about Plaintiff.

8. All Documents Concerning any Communication between You and any reporter, writer, journalist, or other member of the media about Plaintiff.

9. All Documents Concerning any Communication between You and Plaintiff about any sexual encounter involving Plaintiff.

10. All Documents Concerning any Communication between You and any Person about any sexual encounter involving Plaintiff.

11. All Documents Concerning Any Communication between You and Plaintiff about any psychological injury or emotional distress suffered by Plaintiff.

12. All Documents Concerning any Communication between You and Plaintiff about Plaintiff's experience working on Broadway in "Precious Sons" in approximately 1986.

13. All Documents Concerning any Communication between You and Plaintiff about Plaintiff's experience working on Broadway in "The Little Prince."

14. All Documents Concerning any Communication between You and Plaintiff about Plaintiffs' experience working as an actor in New York before he turned 18 years old.

15. All Documents Concerning any Communication between You and Plaintiff about Yul Brynner.

16. All Documents Concerning any Communication between You and Plaintiff about Susan Tyrell.

17. All Documents Concerning any Communication between You and Plaintiff about Ed Harris.

18. All Documents Concerning any Communication between You and Plaintiff about Amy Madigan.

19. All Documents Concerning any Communication between You and Fowler.

20. All Documents Concerning any Communication between You and any Person about this lawsuit.

21. All Documents Concerning any Communication between You and Peter Saghir, Richard Steigman, Rachel Jacobs, or anyone else at the law firm Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, which is counsel for Plaintiff in this action.

22. All Documents Concerning any Communication between You and Robin Magid about Plaintiff.

23. All Documents Concerning any Communication between You and Lisa Rocchio about Plaintiff.

24. All Documents Concerning any Communication between You Alex Jung regarding Plaintiff.

25. All Documents Concerning any Communication between You and any Person employed by New York Magazine about Mr. Fowler.

26. All Documents Concerning any Communication between You and any Person about Fowler.

27. All Documents, Concerning the article You wrote for BuzzFeed News title, "Actor Anthony Rapp: Kevin Spacey Made a Sexual Advance Toward Me When I was 14."

28. All Documents, Including notes, recordings from any interviews, drafts of articles, or any other materials, Concerning Mr. Rapp's allegations against Mr. Fowler.

29. All Documents in your custody, possession, or control Concerning Fowler.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-09586 (LAK)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Adam Vary on *(date)* 12/29/2021.

☒ I served the subpoena by delivering a copy to the named person as follows: The witness authorized service by email. I emailed the witness the subpoena, care of his counsel, Jean-Paul Jassy, as jpjassy@jassyvick.com. on *(date)* 12/29/2021 ; or

☐ I returned the subpoena unexecuted because: 

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 12/29/2021

*Server's signature*
Courtney McKinney

Courtney McKinney, Paralegal
*Printed name and title*

Keller/Anderle LLP
18300 Von Karman Avenue, Suite 930
Irvine, California 92612

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-09586 (LAK)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Adam Vary on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).