**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@jassyvick.com
MEGHAN FENZEL, Cal. Bar No. 324139
  mfenzel@jassyvick.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:  310-870-7048
Facsimile:   310-870-7010

Attorneys for Non-Party Journalist
ADAM VARY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAPP,<br><br>        Plaintiff,<br><br>   vs.<br><br>KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY RY,<br><br>        Defendant. | Case No. 2:22-mc-00030-MWF-AFM<br><br>**NON-PARTY JOURNALIST ADAM VARY'S SUPPLEMENTAL BRIEF IN OPPOSITION TO KEVIN SPACEY FOWLER'S MOTION TO COMPEL**<br><br>[Local Rule 37-2.3] |

Pursuant to Local Rule 37-2.3, Non-Party Journalist Adam Vary respectfully submits the following supplemental brief in support of his Opposition to Defendant Kevin Spacey Fowler p/k/a Kevin Spacey's Motion to Compel. This Supplemental Brief addresses only two points.

First, after Fowler's counsel filed the Local Rule 37-2.2 Joint Stipulation, Dkt. 1-1, Vary reviewed and provided notes to his deposition transcript in an effort to provide Fowler's counsel with as much non-privileged information as possible. Vary's deposition was taken on December 16, 2021. Jassy Decl. [Dkt. 1-12] ¶ 4. At the conclusion of the deposition on December 16, Fowler's counsel stated that Vary could have 30 days to review and return any corrections to the deposition transcript. *Id.* ¶ 7. As part of the meet and confer process for the present motion, Vary's counsel volunteered to have Vary review the transcript and provide any changes within 20 days, rather than 30 days. *Id.* Vary did not receive the 279-page transcript from Fowler's court reporting service until January 20, 2022 – *i.e.*, after the discovery cut-off and more than a month after the deposition was taken. Vary promptly reviewed the transcript, and returned his corrections within 20 days as promised. In the meantime, Fowler prepared, exchanged and filed the Joint Stipulation and motion to compel without waiting for Vary's changes. Vary's changes provided more details of his interactions with Anthony Rapp's counsel and even communications with Rapp that were outside of Vary's newsgathering processes. Vary's changes were consistent with his testimony, which only withheld unpublished – and therefore shielded and privileged – information related to the newsgathering process.[1]

Second, Vary supplements the legal bases for his request for sanctions in the form of attorney's fees. *See* Joint Stipulation, Dkt. 1-1 at 10:15-18, 70:4-9. As Vary

---

[1] As referenced in Section IV.C.4 of the Joint Stipulation, Dkt. 1-1 at 45, Vary gave substantive answers to many of Fowler's counsel's questions, including where Vary's counsel invoked the reporter's shield and privilege and instructed Vary not to answer "to the extent" his response would reveal unpublished information. Otherwise, Vary could and frequently did, answer the questions. *Id.*

asserted in the Joint Stipulation, Fowler's counsel did not abide by Federal Rule of Civil Procedure 45(d)(1), which requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Dkt. 1-1 at 10:15-17 (citing Fed. R. Civ. Proc. 45(d)(1)). Where a party or counsel fails to take such steps consistent with Federal Rule of Civil Procedure 45(d)(1), "[t]he court for the district where compliance is required" – *i.e.,* this Court, *see id.* 45(d)(2)(b)(i) – "*must* enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. Proc. 45(d)(1) (emphasis added). The Court also has the inherent authority to impose sanctions for Fowler's conduct and non-compliance with the local rules pursuant to Local Rule 37-4. *See* Dkt. 1-1 at §§ IV.C.1, 2, 3 (detailing Fowler's non-compliance with rules); *see also id.* at 70:4-9 (invoking the Court's "inherent power").

Vary's request for $18,000 in sanctions is reasonable. *See* Jassy Decl. (Dkt. 1-12) ¶ 9. The amount does *not* include responding to five subpoenas, preparing or appearing for an over seven hour deposition, or engaging in the meet and confer process. But it does account for Vary's counsel's need to respond to Fowler's enormous motion to compel concerning 29 document demands and dozens of deposition questions, all of which – if ordered – would require non-party journalist Vary to sacrifice his constitutional rights and/or search for irrelevant material that Fowler's counsel did not think was sufficiently important to subpoena until the eleventh hour or move to compel until after the discovery cut-off. Fowler's motion should be denied, and Fowler and/or his counsel should be sanctioned $18,000.

Dated:      February 18, 2022                    JASSY VICK CAROLAN LLP

                                                  /s/ Jean-Paul Jassy
                                                  Jean-Paul Jassy
                                                  Counsel for Non-Party Journalist
                                                  Adam Vary