UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

KEVIN SPACEY FOWLER, a/k/a KEVIN SPACEY,

                Movant,

        -against-                                    22-mc-0063 (LAK)

ADAM VARY,

                Respondent.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/22

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        The movant in this case, which was brought initially in the Central District of California and transferred by that court to this, is the defendant in *Rapp v. Fowler,* No. 20-CV-9586 (LAK), now pending in this Court (the *Rapp Case").* The motion seeks to compel Mr. Vary to "(1) sit for a supplemental deposition to answer all questions he refused to answer at his initial deposition [in the *Rapp Case*], plus all reasonable follow up questions, and (2) product all responsive documents and information sought by Mr. Fowler's Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action.

        In a letter dated February 28, 2022 (Dkt 14), counsel for Mr. Vary asks that I deny Mr. Fowler's motion "outright" on the ground that it is untimely or, alternatively, send this case back to California for a decision on Mr. Fowler's motion.

        Mr. Fowler's motion is fully briefed. To whatever extent Mr. Vary asserted his untimeliness argument in opposition to that motion, this Court will consider the argument in deciding the motion. There is no reason to approach the motion piecemeal, and I decline to do so.

        Nor will I send this case back to California. The decision to transfer the motion to this Court now is the law of the case. I see no reason to revisit it. And were I to do so, I would uphold the decision to transfer on the merits. Mr. Fowler's motion has a direct bearing on the *Rapp Case*. As the magistrate judge in Los Angeles recognized, the "extraordinary circumstances" provision of Fed. R. Civ. P. 45 may be satisfied in circumstances like these to avoid disrupting the management of the underlying litigation by the presiding judge. That is exactly what happened here.

        Mr. Vary's application to deny Mr. Fowler's motion "outright" is denied without

prejudice to any timeliness motion he may have made in his papers in opposition to that motion. His request that I transfer the matter back to California is denied. (Dkt 14)

The Clerk shall amend the caption of 22-mc-0063 to conform to that above and take such steps as may be necessary to ensure that counsel for Mr. Rapp in 20-cv-9586 receives all notices of electronic filing issued in this case.

SO ORDERED.

Dated:   March 2, 2022

_____
Lewis A. Kaplan
United States District Judge