# JASSY VICK CAROLAN

## LOS ANGELES   SAN FRANCISCO

355 South Grand Avenue, Suite 2450 | Los Angeles, CA 90071 | T 310.870.7048 | F 310.870.7010 | JASSYVICK.COM

BY ELECTRONIC FILING                                    May 23, 2022

Hon. Lewis A. Kaplan
United States Courthouse
200 Pearl Street
New York, NY 10007

      Re:    *Kevin Spacey Fowler a/k/a Kevin Spacey v. Adam Vary*,
              Southern District of New York, Case No. 22-mc-0063 (LAK);
              *Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey*,
              Southern District of New York, Case No. 20-cv-09586 (LAK)

Dear Judge Kaplan,

      I am counsel for non-party subpoenaed journalist Adam Vary, appearing pursuant to Fed. R. Civ. P. 45(f). I write with respect to the Court's order dated May 19, 2022 [Dkt 17, 22-mc-0063] (the "May 19 Order"), which states: "On or before May 31, 2022, Mr. Vary shall submit for in camera inspection, under seal, all documents responsive to Mr. Fowler's December 29, 2021 subpoena [Dkt 1-6, 22-mc-0063]." Mr. Vary respectfully requests that the Court reconsider and vacate its May 19 Order; or, in the alternative, Mr. Vary requests relief from the scope and timing of the May 19 Order.

      Mr. Fowler's December 29, 2021 subpoena (the "Subpoena") contained 29 broad requests for production. [Dkt 1-6, 22-mc-0063]. The May 19 Order requires submission to the Court of all documents responsive to the Subpoena, but Mr. Fowler only moved to compel as to 22 of the 29 requests in the Subpoena. [Dkt 1-1, 22-mc-0063]. Among those 22 requests that are the subject of Mr. Fowler's motion, Mr. Fowler's counsel, without sufficient regard to counsel's duty not to unduly burden a non-party deponent, Fed. R. Civ. P. 45(d)(1), included sweeping requests that have little to no connection with the underlying case. Indeed, as noted in the joint stipulation filed pursuant to the local rules of the Central District of California, Dkt 1-1, 22-mc-0063, Mr. Fowler did not even try to articulate the relevance of seven of the 22 Requests at issue in his motion papers (Requests Nos. 12, 13, 14, 15, 16, 17, 18).

      In *United States v. Gambino*, 741 F. Supp. 412, 414-15 (S.D.N.Y. 1990), upon reargument, Judge Leisure of this Court vacated an order directing a journalist to provide his notes for in camera review. Judge Leisure observed that "in camera inspections provide a useful intermediate step between full disclosure and total nondisclosure," however, Judge Leisure also held that "[t]he Court does not doubt the chilling effects created by the potential for in camera inspections." *Id.* at 414. And Judge Leisure further held that "[i]t is certain that some threshold showing of materiality, relevance, and necessity should be required before conducting an in camera review." *Id.* at 415 (internal quotation marks and brackets omitted) (quoting *New York Times Co. v. Jascalevich*, 431 U.S. 1331, 1334-35 (1978) (Marshall, J. as Cir. J.) ("forced disclosure of these materials, even to a judge for in camera inspection, will have a deleterious effect on the ability of the news media effectively to gather information in the public interest");

Hon. Lewis A. Kaplan
May 23, 2022
Page 2

*Bradosky v. Volkswagon of Amer., Inc.*, 1988 WL 5433, at *3 (S.D.N.Y. Jan. 15, 1988) (Kram, J.) (subpoena to CBS "does not warrant an in camera inspection of the outtakes which in and of itself impacts on the First Amendment rights of CBS").

  Here, in camera review is not needed because Mr. Vary's protections are absolute. *New York Times Co. v. Superior Ct.*, 51 Cal. 3d 453, 461-64 (1990) (where newspaper was subpoenaed in a civil case, the California Supreme Court held that "[b]ecause the immunity from contempt in this case is absolute, there is no need for the trial court to conduct an in camera inspection of the photographs," affirming the Court of Appeal's holding vacating the trial court's order for in camera review); *accord Bradosky*, 1988 WL 5433, at *3 (recognizing "general rule that the greatest protection is afforded the journalist's privilege when the press is subpoenaed in a civil litigation to which it is not a party. *See Baker v. F&F Investment*, 470 F.2d 778, 785 (2d Cir. 1972), *cert denied*, 411 U.S. 966 (1973) (journalist's privilege entitled to special weight in civil cases); *ex rel Vuitton et Fils [United States] ex rel. Vuitton Et Fils [S.A. v. Karen Bags, Inc.*, 600 F. Supp. 667], 670 (S.D.N.Y. 1985) (higher burden to overcome if press is not a party to the civil litigation)."); *Flynn v. NYP Holdings Inc.*, 652 N.Y.S.2d 833, 835 (1997) (finding "no error in Supreme Court's refusal to conduct an in camera inspection of the documents before denying plaintiff's motion [to compel]. As the Court of Appeals has stressed, when newsgathering materials are sought, the court's inquiry must go beyond the general considerations typically relevant to discovery matters.").[1] As articulated by Mr. Vary in response to Mr. Fowler's motion to compel and in the preceding meet and confer process, all relevant documents are privileged (as unpublished newsgathering material or attorney-client communications), and all non-privileged documents are irrelevant. [*See, e.g.,* Dkt 1-1, 22-mc-0063 at 68]. Mr. Vary posits that even an in camera review is an intrusion on his rights as a journalist under the First Amendment, California's Constitution and New York law. Accordingly, Mr. Vary respectfully asks the Court to reconsider and vacate its May 19 Order.

  In the alternative, Mr. Vary respectfully requests that the May 19 Order be modified: to include only those requests that are at issue in the pending motion to compel and only those requests for which the Court finds there is a material, relevant and necessitous connection to the underlying case; and also to exclude disclosure and in camera review of Mr. Vary's attorney-client privileged communications that may be responsive to the Subpoena.[2]

---

[1] Mr. Fowler also failed to show that he could not have obtained the requested materials from alternate sources, which is another reason to avoid in camera review. *Bradosky*, 1988 WL 5433, at *3; *see also* [Dkt 1-1, 22-mc-0063 at 61-62]; *accord United States v. Cuthbertson*, 630 F.2d 139, 148 (3d Cir. 1980) ("We agree with CBS that an order for production of privileged materials for in camera review may not be based solely on the defendants' request for the material. If the material is available from a nonjournalistic source, the defendants can obtain the information they seek without intruding on the first amendment interests of CBS. … [T]he district court should not be required to make the delicate balance of interests required by the privilege unless the defendant first shows that he is unable to acquire the information from another source that does not enjoy the protection of the privilege.").

[2] The Subpoena is directed to Mr. Vary, and not to his current or former employers. Mr. Vary does not have possession, custody or control over the files of his former employer, BuzzFeed,

Hon. Lewis A. Kaplan
May 23, 2022
Page 3

We understand that Mr. Fowler filed a motion for summary judgment and that Mr. Rapp filed a renewed motion to remand, both of which are still pending before this Court [Dkt 159, 172, 20-cv-09586]. There is no allegation that either motion is contingent or reliant on any documents or information from Mr. Vary. *Id.* Indeed, either or both motions can be decided without any review or disclosure of Mr. Vary's newsgathering materials. Mr. Vary thus requests that, before he is required to prepare and submit any documents for *in camera* review, the Court postpone the effective date of the May 19 Order until at least two weeks after the Court rules on both Mr. Fowler's motion for summary judgment and Mr. Rapp's renewed motion to remand. Most critically, if Mr. Fowler's motion for summary judgment is granted, then his motion to compel documents from Mr. Vary should be moot.

Alternatively, Mr. Vary requests at least two weeks of relief from the May 31, 2022 deadline in the May 19 Order because he is currently under unusually heavy deadlines for his work as a journalist, including editing 50 entries for Variety's annual Power of Pride list due May 24, preparing multiple stories for the Star Wars Celebration expo May 26–29 and the upcoming series "Obi-Wan Kenobi" by May 27, executing multiple interviews for an upcoming cover story that must be completed by June 3, and multiple interviews the week of May 30 to cover the Marvel series "Ms. Marvel." Mr. Vary is also traveling from May 25–29 for a long-planned family event and will not have access to the bulk of his materials during that time.

Mr. Vary would have asked the Court for this relief sooner, but Mr. Fowler did not request an *in camera* review and Mr. Fowler filed his motion for summary judgment after the briefing on his motion to compel against Mr. Vary was completed. [*See generally* Dkt 1-1, 22-mc-0063; Dkt 159, 20-cv-09586]. Mr. Vary also wishes to make clear that any submissions under seal for in camera review should not be considered a waiver of any of his rights and privileges. *See, e.g., SCI-Sacramento, Inc. v. Superior Ct.*, 54 Cal. App. 4th 654, 663 (1997) (holding that television station "did not waive the newspersons' shield law by submitting the videotape to the trial court for in camera review.").

Finally, in the event the Court ultimately grants Mr. Fowler's motion to compel, in whole or in part, Mr. Vary respectfully requests a 14-day stay for Mr. Vary to seek reconsideration or review.

    Respectfully submitted,

    Jean-Paul Jassy
    JASSY VICK CAROLAN LLP

---

Inc., which he left in November 2019 (*i.e.,* more than two years after the October 2017 article at issue concerning Mr. Fowler was published). Additionally, Mr. Vary does not understand the Subpoena to request materials that may be in the files of *Variety*, Mr. Vary's employer since December 2019.

Hon. Lewis A. Kaplan
May 23, 2022
Page 4


cc:   Jennifer Keller, Esq.
  Chase Scolnick, Esq.
  Jay Barron, Esq,
  Peter Saghir, Esq.