# JASSY | VICK | CAROLAN

### LOS ANGELES   SAN FRANCISCO

355 South Grand Avenue, Suite 2450 | Los Angeles, CA 90071 | T 310.870.7048 | F 310.870.7010 | JASSYVICK.COM

May 27, 2022

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
United States Courthouse
200 Pearl Street
New York, NY 10007

    Re:    *Kevin Spacey Fowler a/k/a Kevin Spacey v. Adam Vary*,
              Southern District of New York, Case No. 22-mc-0063 (LAK);
              *Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey*,
              Southern District of New York, Case No. 20-cv-09586 (LAK)

Dear Judge Kaplan,

       As Your Honor knows, I am counsel for non-party subpoenaed journalist Adam Vary. Mr. Vary respectfully moves for clarification of the Court's order dated May 19, 2022 (Dkt 17, 22-mc-00063) (the "May 19 Order") and the Court's order dated May 25, 2022 (Dkt 19, 22-mc-00063) (the "May 25 Order") (collectively, the "Court's Orders").

       As a preliminary matter, I want to assure the Court that we are working diligently with Mr. Vary to gather materials for *in camera* review pursuant to the Court's Orders. We do, however, respectfully request clarification as to two important points.

       (1) We request clarification as to whether the Court requires information from confidential sources as part of the *in camera* review. Mr. Fowler's motion to compel repeatedly insists that he "is not seeking information from confidential sources" as to any of the 22 requests for production at issue. *See, e.g.,* Dkt 1-1, 22-mc-00063, at 42, 66, 71, 73, 75, 77, 80, 82, 84, 86, 88, 90, 93, 95, 97, 99, 101, 103, 106, 108, 110, 112, 114.

       Nearly all of the records, and portions of records, covered by the Court's Orders reviewed to date contain non-confidential information—*e.g.*, as between Mr. Rapp and Mr. Vary.[1] In other words, nearly all of the materials contain unpublished newsgathering information that we maintain is privileged and shielded from production, but we acknowledge was not provided or obtained subject to promises of confidentiality. However, there are a handful of source names and information that was provided pursuant to promises of confidentiality. Our understanding is that the confidential sources corroborate Mr. Rapp's account, but do not want to have their information exposed. Although we maintain that both non-confidential and confidential unpublished newsgathering materials are privileged and shielded from disclosure, there are special protections and considerations for confidential source materials. *See, e.g., Baker v. F&F*

---

[1] Our understanding is that the bulk, if not all, written communications between Mr. Rapp and Mr. Vary were already produced in discovery by Mr. Rapp.

*Inv.*, 470 F.2d 778, 782-83 (2d Cir. 1972); *Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 476 (S.D.N.Y. 2016) ("At a minimum, the [New York] Shield Law would absolutely preclude any inquiry into the identity of confidential sources on which [journalist] relied in reporting the Articles or any information that may reveal those sources' identities."); N.Y. Civ. Rights Law §§ 79-h(b), (c).[2]

Accordingly, because Mr. Fowler expressly excluded from his requests information from confidential sources, and also because applicable laws support protecting such confidential information, we respectfully request that the Court clarify that its Orders do not require the disclosure of information from confidential sources, even *in camera*, and that such information may be omitted or redacted from what is submitted *in camera*.

(2) We request clarification as to the production of post-subpoena attorney-client communications for the Court's *in camera* review. Mr. Fowler issued the first of three subpoenas *duces tecum* on November 4, 2021, and issued the third, operative subpoena *duces tecum* on December 29, 2021. I began work as counsel for Mr. Vary on November 8, 2021, and neither I nor anyone else at my firm represented, communicated with, or met Mr. Vary before that date.

As mentioned above, we are working diligently to gather all documents pursuant to the Court's Orders. It appears so far that Mr. Vary has at least one document (an email thread) that reflects communications with an attorney that predates the first subpoena *duces tecum* issued to him by Mr. Fowler. This pre-subpoena document is an email chain between Mr. Vary and in-house counsel at BuzzFeed, Inc., Mr. Vary's former employer, and BuzzFeed's Los Angeles Bureau Chief, and the chain focuses on efforts to schedule a telephone call. We intend to produce this document to the Court under seal for *in camera* review pursuant to the Court's Orders, while reserving all objections based on privilege as to the contents of the ultimate telephone call.

---

[2] Because this is a diversity case with state law claims, we respectfully maintain that state law protections apply. *See also McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 119-120 (2007) (California's "Shield Law confers an absolute immunity against compelled disclosure of the protected information and, although that immunity must occasionally yield when it threatens to frustrate the competing federal constitutional right of a criminal defendant to a fair trial, there is no analogous competing right of a civil litigant that will suffice to overcome the immunity."). The federal court in *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 89 F.R.D. 489, 495 (C.D. Cal. 1981), granted journalists' motions to quash subpoenas for depositions and newsgathering materials relying in part on California's Shield Law, which, the court held, "'reflects a paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters, an interest which has always been a principal concern of the First Amendment.'" *Id.* (quoting *Baker v. F&F Inv.*, 470 F.2d 778, 782 (2d Cir. 1972)). Mr. Vary cited New York law as an alternative state basis to support his position in response to the motion to compel. *See, e.g.,* Dkt 1-1, 22-mc-00063, at 54-55.

At this point in our document review, I can represent to the Court that all of Mr. Vary's other responsive documents reflecting communications with counsel post-date the issuance of the first subpoena. We did not understand any of the subpoenas *duces tecum* to seek post-subpoena communications with counsel, nor would we have typically logged such documents. We request that the Court clarify and confirm that it is not necessary pursuant to the Court's Orders for Mr. Vary to produce attorney-client communications that post-date issuance of the first subpoena in this matter.

We appreciate the Court's consideration of this motion for clarification. If it would be helpful to the Court, we would be happy to participate in a conference call before and/or after the *in camera* review.

Respectfully submitted,

Jean-Paul Jassy
JASSY VICK CAROLAN LLP

cc: Jennifer Keller, Esq.
     Chase Scolnick, Esq.
     Jay Barron, Esq,
     Peter Saghir, Esq.