# JASSY VICK CAROLAN

## LOS ANGELES   SAN FRANCISCO

355 South Grand Avenue, Suite 2450 | Los Angeles, CA 90071 | T 310.870.7048 | F 310.870.7010 | J A S S Y V I C K . C O M

June 3, 2022

BY ELECTRONIC FILING

Hon. Lewis A. Kaplan
United States Courthouse
200 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _6 / 7 / 2022_

Re:   *Kevin Spacey Fowler a/k/a Kevin Spacey v. Adam Vary,*
Southern District of New York, Case No. 22-mc-0063 (LAK)
*Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey,*
Southern District of New York, Case No. 20-cv-09586 (LAK)

Dear Judge Kaplan,

As Your Honor knows, I am counsel for non-party subpoenaed journalist Adam Vary. Mr. Vary requests, in two respects, a stay of the Court's order dated May 19, 2022 (Dkt 17, 22-mc-00063) (the "May 19 Order"), the Court's order dated May 25, 2022 (Dkt 19, 22-mc-00063) (the "May 25 Order"), and the Court's order dated June 1, 2022 (Dkt 22, 22-mc-00063) (the "June 1 Order") (collectively, the "Court's Orders").

First, Mr. Vary requests a stay of the portion of the Court's Orders requiring Mr. Vary to submit for *in camera* review: (a) confidential source information; and (b) post-subpoena attorney-client communications.[1]  Mr. Vary requests that such a stay be in effect until 14 days after the later of the following events: (a) the Court's ruling on Mr. Fowler's motion for summary judgment; and (b) the Court's ruling on Mr. Rapp's renewed motion to remand.  Dkt 159, 172, 20-cv-09586.[2]  Alternatively, Mr. Vary requests a stay until June 30, 2022 to consider and possibly seek appellate review of those portions of the Court's Orders, and then, if Mr. Vary does seek appellate review, a stay until the outcome of such review.

Second, Mr. Vary renews his request from his letter motion dated May 23, 2022 (Dkt 18, 22-mc-00063), at 3, seeking a 14-day stay of any order granting Mr. Fowler's motion to compel, in whole or in part.  The Court's May 25 Order on that letter motion (Dkt 19, 22-mc-00063) did not address Mr. Vary's initial request for a stay.  Mr. Vary's concern is that he should have an opportunity to seek reconsideration or review of any order disclosing to any party, any third party, or the public, any of his assertedly privileged, shielded or confidential material.

---

[1] The text entry for the June 1 Order stated that the Court was "granting" Mr. Vary's May 27, 2022 letter motion (Dkt 20), but the memorandum endorsement does not use the word "granting" (Dkt 22).  Mr. Vary seeks these stays as a cautionary measure.

[2] Mr. Vary made a similar request, as to *all* documents subject to the Court's May 19 Order, *see* Dkt. 18 at 3, 22-mc-00063, but this request is narrower.

Memorandum Endorsement                                    Fowler v. Vary, 22-mc-0063 (LAK)
                                                          Rapp v. Fowler, 20-cv-9586 (LAK)

      On May 19, 2022, this Court ordered that Mr. Vary submit, under seal, for *in camera* review various materials that he may be withholding from production in order to inform its analysis of whether he has satisfied his burden of showing that the materials, if indeed there are any, should be produced to the defendant. On June 1, 2022 it granted in part Mr. Vary's request for additional time within which to comply.  (The May 19 and June 1 orders are referred to collectively as the "Orders.")

      Mr. Vary now seeks a stay of the Orders insofar as they (1) require the submission for *in camera* review of any withheld materials that contain what he calls "confidential source information" and (2) supposedly require such submission of "post-subpoena attorney-client communications." Dkt. 23.[1]  The proposed stay, if granted, would remain in effect for "14 days after the later of the following events: (a) the Court's ruling on Mr. Fowler's motion for summary judgment; and (b) the Court's ruling on Mr. Rapp's renewed motion to remand. Dkt 159, 172, 20-cv-09586." *Id.*  The ostensible justification for this relief is to afford Mr. Vary's counsel additional time to "consider and possibly seek appellate review of those portions of the Court's Orders, and then, if Mr. Vary does seek appellate review, stay [the Orders] until the outcome of such review." *Id.*

      Separately, Mr. Vary "seek[s] a 14-day stay of any order granting Mr. Fowler's motion to compel, in whole or in part." *Id.*

      The primary request appears to be premised in part on the possibility that (a) a ruling favorable to Mr. Fowler on the summary judgment motion might eliminate any need for further discovery, and (b) a ruling favorable to the plaintiff on the remand motion would result in remand to the New York courts and thus possibly result in litigation of Mr. Vary's arguments in what he presumably regards as a forum more congenial to his position.  The Court, however, yesterday denied both Mr. Fowler's summary judgment motion and the plaintiff's motion to remand. 20-cv-9586, Dkts 217, 218.  Hence, the action is going forward in this Court and Mr. Vary's apparent hopes will not be realized.  Nor is there any need for him to have a stay for a further two weeks while he considers further whether he wishes to attempt to appeal from the Orders.  He has been actively litigating the requirement for *in camera* inspection for 17 days already.  He does not need any more time to think about whether he wishes to attempt to appeal from the Orders.  And he will be at liberty to seek a stay pending appeal from this Court in the event that he does so.  This Court is not in the business of giving advisory opinions concerning whether it would grant a stay pending an appeal if a litigant decides to file one.

      The second request is made as "a cautionary measure" against the possibility that this Court, if it orders disclosure of any "confidential source information" and "post-subpoena attorney-client communications" following *in camera* review, would require disclosure without Mr. Vary having an opportunity to seek review.  The request is denied on the ground that the possibility to which Mr. Vary alludes is at best speculative.  That of course is not to say that the Court necessarily would afford Mr. Vary a leisurely opportunity to seek a stay, should he seek to pursue such an option.

      The Clerk shall terminate Dkts 23 and 24 in 22-mc-0063 (LAK).

      SO ORDERED.

Dated:      June 7, 2022

                                     Lewis A. Kaplan
                              United States District Judge

---

[1]    Unless otherwise indicated, all Dkt references are to the docket in 22-mc-0063 (LAK).